Michael P. Cooley (TX Bar No. 24034388)
Keith M. Aurzada (TX Bar No. 24009880)
Lindsey L. Robin (TX Bar No. 24091422)
REED SMITH LLP
2501 N. Harwood, Suite 1700
Dallas, Texas 75201
(469) 680-4200 (Telephone)
(469) 680-4299 (Facsimile)

*Proposed* Attorneys for the Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Rooftop Group International Pte. Ltd. | § | Case No. 19-31443-hdh11 |
| | § | |
| Debtor. | § | |

## APPLICATION FOR AUTHORIZATION TO
## EMPLOY AND COMPENSATE REED SMITH LLP
## AS BANKRUPTCY COUNSEL FOR THE DEBTOR

**No hearing will be conducted hereon unless a written response is filed with the Clerk of the United States Bankruptcy Court at 1100 Commerce Street, Room 1254, Dallas, TX 75242 before close of business on <u>June 19, 2019</u>, which is at least 21 days from the date of service hereof.**

**Any response shall be in writing and filed with the clerk, and a copy shall be served upon counsel for the moving party prior to the date and time set forth herein. If a response is filed a hearing may be held with notice only to the objecting party.**

**If no hearing on such notice or motion is timely requested, the relief requested shall be deemed to be unopposed, and the Court may enter an order granting the relief sought or the noticed action may be taken.**

Rooftop Group International, Pte. Ltd., as debtor and debtor in possession (collectively, the "***Debtor***") hereby files this application (the "***Application***"), pursuant to 11 U.S.C. § 327(a) and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for an order authorizing the retention of Reed Smith LLP ("***Reed Smith***") as bankruptcy counsel to the Debtor in this chapter 11 case. This Application is supported by the *Declaration of Michael P. Cooley* ("***Cooley***

Page 1

***Declaration***") filed herewith.   In support thereof, the Debtor respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The predicate for the relief requested herein is found in § 327(a) and 330 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").[1]

## II.
## BACKGROUND

3.     The Debtor is a private limited company organized under the laws of Singapore.  The Debtor was formed to hold certain intellectual property assets, including registered trademarks and patents, relating to the manufacture and sale of hobby-grade drones under the name Propel RC®. At present, the Debtor has no operations and has no employees.

4.     Certain of the Debtor's prepetition secured creditors commenced collection actions against the Debtor in Singapore courts pertaining to prepetition debt obligations under which the Debtor was either a primary obligor or guarantor.  Upon information and belief, the Debtor's assets are not encumbered by any lien or security interest; however, a portion of the outstanding equity in the Debtor is pledged to secure repayment of certain of the Debtor's prepetition obligations.

5.     To preserve the value of its intellectual property assets for the benefit of all its unsecured creditors, on April 30, 2019 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11. The Debtor continues to operate and manage its business as a debtor in possession pursuant to §§ 1107 and 1108.  No statutory committee has been appointed in this case.

---

[1] Unless otherwise noted, section (§) references are to the Bankruptcy Code.

## III.
## RELIEF REQUESTED

6.     In accordance with § 327(a) and Fed. R. Bankr. P. 2014 and 2016, the Debtor requests entry of an order authorizing the employment and retention of Reed Smith as bankruptcy counsel to the Debtor in its chapter 11 case and any related contested matters and adversary proceedings. Section 327(a) provides that a debtor, with the court's approval, may employ counsel "to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code if such counsel does not hold or represent an interest adverse to the estate and is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

7.     The Debtor requests that such relief be granted as of the Petition Date. Because this Application is filed within thirty days of the Petition Date, it is deemed to be filed contemporaneously with the commencement Reed Smith's provision of services. *See* N.D. Tex. L.B.R. 2014-1(b)(1).

## IV.
## BASIS FOR RELIEF

8.     By this Application, the Debtor, pursuant to § 327(a) and Bankruptcy Rules 2014 and 2016, respectfully requests that this Court enter an order employing and retaining Reed Smith as attorneys to represent it as debtor and debtor in possession in connection with various matters, including the Debtor's commencement and prosecution of these chapter 11 cases. The Debtor has selected Reed Smith to serve as its attorneys because of Reed Smith's knowledge of, and familiarity with, the Debtor's business and financial affairs, its extensive, broad-based experience with virtually all aspects of law that may arise in the Debtor's case, and in particular, Reed Smith's recognized expertise in the field of insolvency, debtor and creditor rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

9.     Prior to the Petition Date, the Debtor initially retained Bryan Cave Leighton Paisner LLP ("***Bryan Cave***") to provide legal advice on matters involving financial restructuring and insolvency issues, including to explore possible non-bankruptcy restructuring alternatives, as well as

preparation of the requisite petition, pleadings, exhibits, lists and schedules in connection with the commencement of the these cases. When the bankruptcy legal team representing the Debtor joined Reed Smith on May 1, 2019, the Debtor retained Reed Smith to maintain continuity of representation.

10. As a result of its prior and current representation of the Debtor in various matters, including insolvency and restructuring matters, Reed Smith has the necessary background to deal effectively and efficiently with the broad and extensive legal issues and problems that will arise in the context of this case. Further, Reed Smith's professionals have worked with the Debtor's management and have become acquainted with the Debtor's corporate history, debt structure, businesses and related matters, and the Debtor believes that Reed Smith is well-qualified and uniquely able to represent it in this case in an efficient and timely manner. Moreover, the employment and retention of Reed Smith is appropriate and necessary to enable the Debtor to faithfully execute its duties as debtor and debtor in possession, and is in the best interests of its bankruptcy estate.

11. Subject to further order of this Court, the Debtor proposes to employ Reed Smith to render general bankruptcy representation to the Debtor, including the following:

    a. take all necessary actions to protect and preserve the Debtor's estate, including, if required by the facts and circumstances, the prosecution of adversary proceedings and other actions and matters on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes, including litigation, in which the Debtor is involved, and the preparation of objections to, or motions to estimate, claims filed against the Debtor's estate where appropriate;

    b. provide legal advice with respect to the Debtor's rights, powers, and duties as debtor in possession in the continued operation of its business and the management of its property;

    c. prepare on behalf of the Debtor all necessary motions, applications, complaints, answers, orders, reports, notices, schedules, and any other pleadings and legal documents in connection with matters effecting the administration of the

Debtor and its bankruptcy estate and the prosecution of this case;

d. assist the Debtor in connection with any disposition of the Debtor's assets, whether by sale or otherwise;

e. assist the Debtor in the negotiation, preparation, confirmation and consummation of any plan of reorganization or liquidation, the preparation of a disclosure statement in respect thereof, and in the preparation and execution of all related documents and transactions;

f. appear before the Court, any appellate courts and the United States Trustee to protect the interests of the Debtor and its bankruptcy estate before such courts and the United States Trustee; and

g. perform all other necessary legal services that the Debtor may request in connection with these cases and pursuant to the Bankruptcy Code.

12. The Debtor requires knowledgeable and experienced attorneys to render the foregoing professional services. Reed Smith desires and is willing to act in this case and render these necessary professional services as attorneys for, and on behalf of, the Debtor. Moreover, as indicated above, Reed Smith has represented the Debtor in connection with prepetition business insolvency, debt restructuring and reorganization matters, and with the preparation and commencement of this case.

## V.
## MATTERS RELEVANT TO THE RETENTION OF REED SMITH

13. To the best of the Debtor's knowledge and belief, Reed Smith does not have any connection with, or any interest adverse to, the Debtor, its creditors, or any other party in interest or their respective attorneys and accountants, or to the United States Trustee for the Northern District of Texas, or any person employed in the office of the United States Trustee, except as set forth herein and in the Cooley Declaration filed contemporaneously herewith. Accordingly, the Debtor submits that Reed Smith and each of its attorneys do not hold or represent an interest adverse

to the Debtor's estate that would otherwise render Reed Smith ineligible to serve as counsel for the Debtor pursuant to the provisions of § 327(a).

14. In light of the foregoing, the Debtor firmly believes that Reed Smith is qualified to represent its interests and the interests of its estates. If the Debtor were required to retain attorneys other than Reed Smith in connection with the prosecution of these cases, the Debtor, its estate, and all parties in interest would be unduly prejudiced by the time and related expense for such attorneys to familiarize themselves with the intricacies of the Debtor's business operations and capital structures.

15. Prior to the Petition Date, the Debtor provided a retainer (the "**_Retainer_**") to Bryan Cave in the amount of $55,000.00 for services rendered or to be rendered for the Debtor and for reimbursement of expenses incurred in representing the Debtor.[2] From the Retainer, the sum of $21,354.60 was designated to pay for services rendered and expenses incurred prior to the Petition Date (the "**_Prepetition Payment_**"). The Prepetition Payment is made in the ordinary course for current amounts then due for services rendered by Bryan Cave prior to the Petition Date. The balance of the Retainer, in the amount of $33,645.40 remains on hand as a retainer for future services to be provided by Reed Smith.

16. Of the payments comprising the retainer, the two latter payments (totaling $50,000.00) were sent by wire from a bank in Singapore on the afternoon of April 29, 2019 (Dallas time). Because of the 13-hour time difference between Singapore and Texas, however, the two wires did not actually "hit" the Bryan Cave trust account until just after 4:00 am (Dallas time)—approximately 90 minutes after the Debtor's voluntary chapter 11 petition was filed at 2:25 am (Dallas time). Nevertheless, Reed Smith requests that the entire Retainer, including the Prepetition Payment, be deemed to have been made prior to the Petition Date so that (i) Bryan Cave may retain the Prepetition Payment as payment for services rendered prior to the Petition Date and (ii) Reed Smith may retain the balance of the

---

[2] The Retainer was composed of three payments: a payment of $5,000.00 made on March 25, 2019, a payment of $21,354.60 made on April 29, 2019, to pay for services rendered by Bryan Cave prior to the Petition Date, and another payment of $28,645.50 made on April 29, 2019, to be held as a retainer against future legal services.

retainer for application to the payment of allowed fees and expenses in this case following further order of the Court.

17.    The Debtor does not owe Reed Smith any amounts relating to services rendered *prior* to the Petition Date, nor did Bryan Cave perform any legal services or incur any additional fees or expenses *on or after* the Petition Date.  Reed Smith itself has received no payments from the Debtor.

18.    The Debtor understands that Reed Smith intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "***Local Rules***"), and orders of this Court for all services performed and expenses incurred after the Petition Date.

19.    Subject to the Court's approval and the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtor proposes to pay Reed Smith its customary hourly rates for services rendered that are in effect from time to time on the date the services are rendered, as set forth in the Cooley Declaration, and to reimburse Reed Smith for reasonable and necessary expenses according to its customary reimbursement policies. The Debtor understands that Reed Smith will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above.

## VI.
## PRAYER

WHEREFORE, the Debtor respectfully requests the entry of an order granting the relief requested herein, and granting such other and further relief as the Court deems just and proper.

Dated: May 29, 2019
Dallas, Texas

Respectfully submitted,

**Rooftop Group International Pte. Ltd.**

By: _/s/ Darren Matloff_
Name: Darren Matloff
Title: Director

**FILED BY:**

**Reed Smith LLP**

_/s/ Michael P. Cooley_
Keith M. Aurzada (SBN 24009880)
Michael P. Cooley (SBN 24034388)
Lindsey L. Robin (SBN 24091422)
2501 N. Harwood, Suite 1700
Dallas, Texas 75201
(469) 680-4200 (Telephone)
(469) 680-4299 (Facsimile)

_Proposed_ **Attorneys for the Debtor**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 29, 2019, a true and correct copy of the foregoing document was served (i) via the Court's Electronic Case Filing (ECF) System on all parties registered to receive electronic notice in this case, and (ii) via email upon the creditors listed on the Debtor's Official Form 204 list of creditors.

_/s/ Michael P. Cooley_
Michael P. Cooley

Scanned with CamScanner

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Rooftop Group International Pte. Ltd. | § | Case No. 19-31443-hdh11 |
| | § | |
| Debtor. | § | |

### DECLARATION OF MICHAEL P. COOLEY

Pursuant to 28 U.S.C. § 1746, Michael P. Cooley declares as follows:

1.      I am an attorney admitted to practice law in the States of Texas and New York; the Northern, Southern, Eastern, and Western Districts of Texas; and the Fifth Circuit Court of Appeals.  I am a member in good standing of the State Bar of Texas and the State Bar of New York.

2.      I am a partner at the law firm of Reed Smith LLP ("***Reed Smith***") and am duly authorized to make this Declaration and Statement (the "***Declaration***") on behalf of Reed Smith. I make this Declaration in support of the *Application for Authorization to Employ and Compensate Reed Smith LLP as Bankruptcy Counsel for the Debtor* (the "***Application***") filed contemporaneously herewith.  Except as otherwise set forth herein, all facts set forth in this Declaration are based upon my personal knowledge, or derived from information available to me which I believe to be true and correct. I will supplement this Declaration if pertinent additional information becomes available to me concerning any relationship between Reed Smith and the creditors or interest holders of Rooftop Group International Pte. Ltd. (the "***Debtor***").

### General Statement

3.      Insofar as I have been able to ascertain after due diligence, neither I, Reed Smith, nor any partner, associate, or counsel of Reed Smith, represent any party in interest or any other entity other than the Debtor in connection with this chapter 11 case.  Thus, Reed Smith is a "disinterested

person," as that term is defined in 11 U.S.C. § 101(14),[1] as modified by § 1107(b), both in general and with respect to the matter on which Reed Smith is to be employed. Reed Smith's due diligence has revealed that Reed Smith:

   (a)   does not hold or represent any interest adverse to any Debtor or to the estate with respect to the matter on which Reed Smith is to be employed, nor fails to meet the "disinterestedness" test, so as to render Reed Smith ineligible to serve as counsel for the Debtor under § 327(a);

   (b)   is not a creditor, equity security holder or insider of any Debtor and does not represent any entity (or its attorneys or accountants) other than the Debtor in connection with the Debtor's case;

   (c)   is not, and was not, within two years prior to the Petition Date, a director, officer or employee of any Debtor;

   (d)   does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders of any Debtor, by reason of any direct or indirect relationship to, connection with, or interest in, any Debtor, or for any other reason; and

   (e)   has no connections with any Debtor, or its creditors, equity interest holders, or any party in interest herein, or with the respective attorneys or accountants of the foregoing, or with the U.S. Trustee or any person employed in the Office of the U.S. Trustee, except as set forth herein.

   4.   Although Reed Smith may have has, in connection with unrelated matters, certain relationships with parties in interest and other professionals involved in this chapter 11 case, as more fully described below, Reed Smith has not represented any other party in connection with matters relating to the Debtor or the Debtor's estate in this case.

---

[1] Unless otherwise noted, section (§) references herein are to title 11 of the United States Code (the "*Bankruptcy Code*").

## Search and Disclosure Procedures

5.     In preparing this Declaration, and to check and clear potential conflicts of interest in this case, I have used Reed Smith's master client database and conflicts database system.

6.     Reed Smith maintains a master client database of entities for which Reed Smith has previously provided services or has otherwise billed for services (the "**Client Database**").    In conjunction with the Client Database, Reed Smith maintains a computer software system that enables a user to input the name of an entity and search the Client Database for any related entities that Reed Smith currently represents or has represented in the past (the "**Conflict Search System**").

7.     In using the Conflict Search System to prepare this Declaration, I performed, or caused to be performed, the following actions to identify potential conflicts:

(a)     Through consultations with the senior management of the Debtor, compiled a list of the names of any entities that may be parties in interest in the Debtor's chapter 11 case ("**Potential Parties in Interest**").  A list of the Potential Parties in Interest is attached hereto as **Exhibit A**.

(b)     Entered the names of each of the Potential Parties in Interest into the Conflict Search System to pull information on Reed Smith's relationship with entities in the Client Database that are or may be related to the Potential Parties in Interest (the "**Conflict Search Results**").

(c)     Compiled the Conflict Search Results into a master list (the "**Potential Conflicts List**"), and reviewed the Potential Conflicts List to delete obvious name coincidences and to delete those entities that (1) were adverse to Reed Smith's clients in the matter referenced on the Potential Conflicts List and (2) are adverse to the Debtor in this matter.

## Summary of Conflicts Analysis

8. The Potential Conflicts List revealed that various attorneys at Reed Smith may now or hereafter counsel or represent, or may have previously counseled or represented, certain creditors of the Debtor or other Potential Parties in Interest. Accordingly, Reed Smith attorneys divided the entities listed on the Potential Conflicts List into the following categories: (1) Potential Parties in Interest that are currently represented (or are affiliates of clients currently represented) by Reed Smith in another unrelated matter ("*Current Clients*"); and (2) Potential Parties in Interest that have been represented in the past (or are affiliates of clients represented in the past) by Reed Smith in another unrelated matter ("*Former Clients*"). Charts listing the Current Clients and Former Clients are attached to this Declaration as **Exhibits B and C**, respectively, and are fully incorporated herein for all purposes.

9. Reed Smith has reviewed each of the client connections listed on the attached Exhibits B and C. As a result of Reed Smith's review, and as more fully described below, I believe that Reed Smith does not hold or represent an interest that is adverse to the Debtor or its estate.

### Current Clients

10. Reed Smith has determined from the Conflicts Search System that it currently represents certain Potential Parties in Interest (or affiliates of such Potential Parties in Interest) in matters unrelated to this chapter 11 case. These Current Clients are listed on Exhibit B.

11. Reed Smith's representation of these Current Clients will not affect its representation of the Debtor in this chapter 11 case, as Reed Smith has not represented any of the Current Clients in matters related to the Debtor. Where necessary or appropriate, Reed Smith will obtain a waiver or retain special counsel.

### Former Clients

12. Reed Smith has also determined from the Conflicts Search System that it previously represented certain Potential Parties in Interest (or

affiliates of such Potential Parties in Interest) in matters unrelated to this chapter 11 case. These Former Clients are listed on Exhibit C.

13. Reed Smith's representation of these Former Clients will not affect its representation of the Debtor in this chapter 11 case, as Reed Smith did not represent any of the Former Clients in matters related to the Debtor. Where necessary or appropriate, Reed Smith will obtain a waiver or retain special counsel.

## Supplemental Disclosures

14. Despite the efforts described above to identify and disclose Reed Smith's connections with parties in interest in this case, because Reed Smith is an international law firm with over 1,500 attorneys across the globe, Reed Smith is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if Reed Smith discovers additional information that requires disclosure, Reed Smith will file a supplemental disclosure with the Court.

## Payments to Reed Smith

15. Effective May 1, 2019, Reed Smith was retained by the Debtor to evaluate and advise on various strategic options and, ultimately, to assist in preparing for and representing the Debtor in connection with a case filed under chapter 11 of the Bankruptcy Code.

16. Prior to the Petition Date, the Debtor provided a retainer (the "**Retainer**") to Bryan Cave in the amount of $55,000.00 for services rendered or to be rendered for the Debtor and for reimbursement of expenses incurred in representing the Debtor.[2] From the Retainer, the sum of $21,354.60 was designated to pay for services rendered and expenses incurred prior to the Petition Date (the "**Prepetition Payment**"). The Prepetition Payment is made in the ordinary course for current amounts then due for services rendered by Bryan Cave prior to the Petition Date.

---

[2] The Retainer was composed of three payments: a payment of $5,000.00 made on March 25, 2019, a payment of $21,354.60 made on April 29, 2019, to pay for services rendered by Bryan Cave prior to the Petition Date, and another payment of $28,645.50 made on April 29, 2019, to be held as a retainer against future legal services.

The balance of the Retainer, in the amount of $33,645.40 remains on hand as a retainer for future services to be provided by Reed Smith.

17.     Of the payments comprising the retainer, the two latter payments (totaling $50,000.00) were sent by wire from a bank in Singapore on the afternoon of April 29, 2019 (Dallas time).  Because of the 13-hour time difference between Singapore and Texas, however, the two wires did not actually "hit" the Bryan Cave trust account until just after 4:00 am (Dallas time)—approximately 90 minutes after the Debtor's voluntary chapter 11 petition was filed at 2:25 am (Dallas time).  Nevertheless, Reed Smith requests that the entire Retainer, including the Prepetition Payment, be deemed to have been made prior to the Petition Date so that (i) Bryan Cave may retain the Prepetition Payment as payment for services rendered prior to the Petition Date and (ii) Reed Smith may retain the balance of the retainer for application to the payment of allowed fees and expenses in this case following further order of the Court.

18.     The Debtor does not owe Reed Smith any amounts relating to services rendered *prior* to the Petition Date, nor did Bryan Cave perform any legal services or incur any additional fees or expenses *on or after* the Petition Date.  Reed Smith itself has received no payments from the Debtor. Accordingly, Reed Smith does not hold any prepetition claim against the Debtor's estate.

## Benefit to the Estate

19.     Reed Smith's experience and expertise, as well as its familiarity with the Debtor and its business, will substantially benefit the Debtor's estate by allowing Reed Smith to provide effective and efficient legal services in this chapter 11 case.  Through its prepetition representation of the Debtor and its recognized knowledge and experience in virtually all aspects of chapter 11 bankruptcy cases, Reed Smith is well-positioned to assist the Debtor in its effort to maximize the value of its estate for the benefit of creditors and other interested parties.

**Compensation and Statement Pursuant to**
**11 U.S.C. §§ 329 & 504 and Bankruptcy Rule 2016(b)**

20.     Subject to the Court's approval, and in accordance with Reed Smith's agreement with the Debtor, Reed Smith intends to (a) charge for its legal services on an hourly basis in accordance with Reed Smith's ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses in connection with the rendition of legal services in accordance with Reed Smith's policies for all clients.[3]     Reed Smith will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described in the Application.

21.     The fees charged by Reed Smith are based upon hourly rates, which are periodically adjusted in the normal course of the firm's business. The hourly rates of the professionals who will be principally engaged in this matter are:

| Michael P. Cooley | Partner | $715 |
| Lindsey Robin | Associate | $490 |
| Shikendra Bedford-Rhea | Paralegal | $255 |

22.     Reed Smith professionals and paraprofessionals will keep track of their billings on a tenth of an hour basis with time charges allocated in accordance with the categories set forth by the Office of the United States Trustee (the "*US Trustee*").

23.     Other than the Debtor's agreement to compensate Reed Smith at the above-described hourly rates and to reimburse Reed Smith for the reasonable and necessary expenses incurred on behalf of the Debtor, Reed Smith has not received any promises from the Debtor or any other person to compensate or reimburse Reed Smith in connection with the Debtor's case.

24.     Neither Reed Smith nor any partners of Reed Smith have divided, paid over or shared, or agreed to divide, pay over or share, (a) any

---

[3] The hourly rates charged by Reed Smith professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is resident.

compensation it or they has or have received or may receive for services rendered or expenses incurred in connection with this case with another party or person (except as among the partners, counsel and associates of Reed Smith), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with this case.

25.     The proposed retention of Reed Smith is not prohibited by or improper under Bankruptcy Rule 5002. Reed Smith and the professionals it employs are qualified to represent the Debtor in the matters for which Reed Smith is proposed to be retained. Collectively, the Prepetition Payments represent the reasonable value of the actual prepetition services rendered to the Debtor by Reed Smith, together with a reasonable retained for services to be rendered. Reed Smith is not a prepetition creditor of the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on May 29, 2019

_/s/ Michael P. Cooley_
Michael P. Cooley

**EXHIBIT A**

**Potential Parties in Interest**

<u>Debtor</u>
Rooftop Group International Pte. Ltd.

<u>Officers, Directors, and Equity Owners</u>
Darren Matloff
Stephen Nelson
Gandiva Investments Limited

<u>Unsecured Creditors and other Parties in Interest</u>
Triumphant Gold Limited
Aktis Capital Advisory Ltd.
Polar Ventures Hong Kong
Polar Ventures Overseas Limited
Begaline Singapore
Begaline Ltd
UOC Singapore
UOC SPV1 Pte. Ltd.
Brian Dlugash
Asian Express Holdings Limited
Sui Shulian
Andre Hoffman
Amax Industrial Group China Co, Ltd.
Portcullis Trustnet Chambers
Shulian Sui
Tetro Limited
L'occitane (Far East) Ltd.
Pica Australia
Suisuhai
Disney Consumer Products, Inc (USA)
Asian Express Holdings Ltd
Knobbe Martens Olson & Bear
Duane Morris LLP
Amax Industrial Group China Co., Ltd.
Gregor Steinborn
Lee Waite
Swerve Public Relations
Low Cut Limited
Go To Tigers
Schenker Deutschland AG

OP Talent Limited
Crystal Marbles
S H Landes LLP
Dunne and Waterman
Midland Helicopters
GLS General Logistics Systems Hungary Kft.
Zangen Bansmann PR
APPLAUD MEDIA
Tech Data USA
Tech Data UK
RLVNT Distribution AB
Mazars
KCG Partners
Lehrieder Catering-Party-Service GmbH & Co. KG
Hot Pickle Trading Ltd
Vertigo 6 BV
Market Making LTD
Red Agency
MPIT Netherlands 1 BV
North TQ
Atlantis Internacional Spain
Accessory Line
Real View Digital Greece
Juguetronica
Extenso Telecom
Computerworks

**EXHIBIT B**

**Current Clients**

<u>Debtor and Affiliates</u>
None

<u>Officers, Directors, and Equity Owners</u>
None

<u>Unsecured Creditors and other Parties in Interest (or related entities)</u>
The Walt Disney Company
Tech Data GmbH & Co oHG
Tech Data Europe GmbH (HQ)

**EXHIBIT C**

**Former Clients**

<u>Debtor and Affiliates</u>
None

<u>Officers, Directors, and Equity Owners</u>
None

<u>Unsecured Creditors and other Parties in Interest (or related entities)</u>
Knobbe, Martens, Olson & Bear, LLP
Mazars, LLP
Atlantis International Services SA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Rooftop Group International Pte. Ltd. | § | Case No. 19-31443-hdh11 |
| | § | |
| Debtor. | § | |

**ORDER GRANTING APPLICATION FOR AUTHORIZATION
TO EMPLOY AND COMPENSATE REED SMITH LLP
AS BANKRUPTCY COUNSEL FOR THE DEBTOR**

Came on for consideration the *Application for Authorization to Employ and Compensate Reed Smith LLP as Bankruptcy Counsel for the Debtor* (the "***Application***")[1] filed by Rooftop Group International Pte. Ltd., as debtor and debtor in possession (the "***Debtor***"), and supported by the *Declaration of Michael P. Cooley* filed contemporaneously therewith. The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estates, and creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; (v) Reed Smith LLP ("***Reed Smtih***") and the Debtor have

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Application.

represented to the Court that Reed Smith is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and does not hold or represent any interest adverse to the Debtor or its estate; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, IT IS HEREBY ORDERED THAT:

1.     The Application is GRANTED as set forth herein.

2.     The Debtor is authorized pursuant to 11 U.S.C. § 327(a) to employ and retain Reed Smith as their bankruptcy counsel effective as of the Petition Date to provide professional services to the Debtor consistent with the scope of services described in the Application.

3.     Reed Smith shall be compensated in accordance with the terms and conditions of Reed Smith's engagement with the Debtor as set forth in the Application, subject to the procedures and requirements of 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016(a), Local Bankr. R. 2016-1, and any other applicable federal and local bankruptcy rules, procedures, and guidelines.

4.     The Retainer paid to Bryan Cave Leighton Paisner LLP ("**_Bryan Cave_**") in the amount of $50,000.00 shall be deemed to have been received by Bryan Cave prior to the commencement of this chapter 11 case. Accordingly, Bryan Cave is authorized to retain the Prepetition Payment in the amount of $21,354.60 as payment for services rendered prior to the commencement of this case, and Reed Smith may retain the remaining balance of the Retainer in the amount of $33,645.40 as a retainer to be applied to the payment of allowed fees and expenses upon further order of the Court.

# # # END OF ORDER # # #

Prepared and submitted by:

Michael P. Cooley (TX Bar No. 24034388)
Keith M. Aurzada (TX Bar No. 24009880)
Lindsey L. Robin (TX Bar No. 24091422)
REED SMITH LLP
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(469) 680-4200 (Telephone)
(469) 680-4299 (Facsimile))

*Proposed* Attorneys for the Debtor